The next case, number 221780, Lillian Eugenia Varela-Chavarria v. Merrick B. Garland. At this time, would counsel for the petitioner please introduce herself on the record to begin? Good morning, Your Honors. May it please the Court, my name is Denise Acevedo Perez. I am the attorney for the petitioner, Varela-Chavarria. With the Court's permission, I'd like to reserve two minutes for rebuttal. Yes, you may reserve two minutes. You might also lower that microphone, Professor. There you go. Thank you, Your Honor. A critical issue before the Court today. It's the Board's decision to affirm the immigration judge's denial of my client's application for asylum and withholding of removal. Primarily on two bases. First, that my client failed to establish the requisite. Next, it's to protect the ground. And secondly, that my client failed to show that the harm she suffered rose to the level of past persecution. It is our position that the Board's finding is against the weight of substantial evidence on the record. As such, substantial evidence on the record compels a different result. It is further our position that the immigration judge erred in failing to consider my client's age at the time she suffered the harm alleged and detailed in her declaration and her testimony. First and foremost, regarding past persecution. Case law shows that the immigration judge must consider the child's injuries in the eyes of a child. Specifically, the immigration judge is tasked with looking at an event from the child's perspective and measure the degree of her injuries by their impact to a child of the same age. In this case, it is unclear from the record whether the immigration judge did so. The social group to which you're pointing in your brief is your client's family, if I understand it correctly. Well, the position on appeal to the Board as a family relationship, gender, and imputed political opinion. Before the IJ, I believe your client specified political opinion and then some other social group without specifying what it was. Right. So, in completing the I-589, which is the application for withholding of removal, you have to detail what specific grounds you are protecting grounds. You are alleging eligibility for asylum and withholding of removal. So, you would select, and in this case, my client selected political opinion and membership in a particular social group. There is nothing in the application itself which would allow my client to delineate a membership in a specific group. Similarly, within her declaration and her testimony, before the immigration judge, my client, while she detailed her relationship to her mother and detailed her harm suffered in relation to gang members who would harass her and follow her from school and threaten to rape her and force to take her if her mom didn't pay rent or if her brother didn't join a gang. A layman, it's my position, a layman would not know how to answer a question, well, what membership are you alleging? But, counsel, wasn't she represented by counsel at the hearing and wouldn't questioning about which particular social group she was claiming to be a member of? Wasn't that sort of a central issue that should have been elicited at the hearing before the immigration judge? So, to answer your question, Your Honor, yes, in part. So, if an attorney were to ask an applicant, a layman, what membership, what social group are you a member of, it would call for a legal opinion subject to an objection. Similarly, a layman wouldn't know how to answer that question. It is our position that the immigration judge's duty is to clarify the record, in part, to allow the attorney to make that argument because a layman wouldn't be able to do so. I understand that argument and that seems like an important point that you make in your brief. I think the question I have is why didn't your client raise that due process argument that you're making right now to the BIA? I think the matter wasn't raised to the BIA because they were really looking at the evidence as a whole. The whole, in my opinion, the whole was if you look at the record as a whole, you could conclude, you may be able to conclude a membership in a particular social group. In this case, a gender-based membership. My age base, my client was a 14-year-old female living in El Salvador. She had a relationship to her mother who owned a bakery who was being extorted for rents by the gang members. The gang members knew that she was the daughter of a bakery owner. The gang members knew that she was young and the gang members knew that she was a female. So it's my position that it could have been implied from the record. However, when the immigration judge issued her decision, she failed to clarify whether or not her gender or her relationship to mom was part of her decision-making. Counsel, with respect to the particular social group of women, does the evidence compel a contrary conclusion, given that your client's brother was similarly harassed and threatened by the gang members? I would argue yes, because the approach was different. With regard to my client's brother, they were trying to recruit him to join the gang membership. The harm against him was physical. We will beat you up if you don't do X. The harm against my client was gender-based. In quenching conditions, articles submitted in support of her application for relief pointed to her gender specifically, showing that girls ages 14, teenage girls, were harassed, they were raped, they were kidnapped by gang members. It was a usual practice and the government could not protect them. So it is my position that yes, you can argue that they were both harassed, but the manner of harassment was different. How do you explain, as I understand the record for a decade, the mother has never been assaulted or attacked in any way? The mother also has been paying rent. The threats would... It wasn't a threat to her, simply that something would happen to her if her mother didn't pay rent. Right, right. It was a threat. And her mother's paying rent for 10 years. Right. And it was a threat against, if I may finish, Your Honor. The threat was specifically made against mom's children. So if mom failed to pay rent, then they would suffer harm. Any further questions? Thank you. Thank you, Your Honor. Thank you, Counsel. At this time, if Counsel for the Respondent would please introduce herself on the record to begin. Good morning, Your Honors, and may it please the Court, Alison Frayer for the Attorney General. In this case, Petitioner failed to put forth sufficient evidence before the immigration judge to demonstrate that the harm she suffered in the past and fears in the future is on account of any protected ground. She has not shown before this Court that the record compels the conclusion that there was a nexus to a protected ground, and the petition for review should be denied. Her claim that she now raises before this Court that the IJ erred in declining to force her to present her claim properly and delineate a social group before the IJ has not been exhausted before the Board, which is critical. The Board had the power and the authority to address the error if the Board agreed that one existed, and as a result, she must exhaust that claim. So are you arguing she didn't delineate before the IJ the social group of being a family member, or are you arguing there was insufficient evidence to support a finding that that was the reason why she was being persecuted? The former. She did not articulate a social group of her family before the IJ or any other social group. She did not mention her gender. She did not mention her youth. She mentioned nothing before the IJ except that her family was subject to extortion and that the way the gang was getting the money out of her mother was by threatening probably what was most important to her mother, her children. So explain to me how that doesn't delineate a social group of family. If someone comes before the IJ and says, I'm being persecuted, why are you being persecuted? They're saying I'm being persecuted because my mother won't pay. How isn't that being persecuted on account of one's member in a family? Oh, this court's case law is clear that it's not, because each of the threats is about extortion. They're always saying, if you don't pay, we will do this. If you do pay, we won't. And as Your Honor recently pointed out, that's exactly what happened. The mother keeps paying, and the mother's been able to stay safe. Okay, but you're responding now with what sounds almost like a sufficiency point. My question is, at least for delineating the alleged social group to which a nexus is claimed, someone says, I'm being persecuted, and I'm being persecuted because I'm my mother's daughter, and they've said they're going to get my mother's family members. How is that not at least a delineation of family as the alleged social group? I think it needs to be, it's usually at least clearer than that on the record. Here the petitioner had an opportunity to present a closing argument at the end of her individual merits hearing, and she waived through counsel that opportunity. And so all that's in the record is her declaration and her testimony. And the IJ is not required to search through the testimony and pull out the social group that in this case she thinks is being presented. That would be problematic, right? If we ask the IJ to choose a social group for the petitioner, because then if she turns around and denies the claim based on that social group that the IJ chose, that starts to feel unfair. So the petitioner has to set forth the social group. And that's what petitioner's counsel is there for, is to put forth the social group. And there was no such delineation on this record. But doesn't the IJ also have a duty to inquire and to make sure that the record is established enough for them to be able to make an informed decision? Isn't that a statutory duty? It is best that they do that, yes. But petitioner did not assert that error until this court. She neglected to present that to the board, which had the authority to fix that error, if the board agreed that one existed. And so by waiting, she has defaulted on that claim. Exhaustion is required by the statute. It's mandatory. The Supreme Court has told us it's not jurisdictional, but where the government properly raises it in its briefs, as we have here, it is an absolute requirement, and she failed to do so. Counsel, can I ask you a different question? Do you agree that it was error for both the BIA and the IJ not to look at the persecution that was alleged here through the eyes of a child? No, the government is not prepared to concede that. Instead, we're arguing that even if it were persecution through the eyes of the child, the nexus inquiry is dispositive of the claim. So we're not conceding error, but we're not defending it either. So how do you propose we deal with the situation where, and I'm not saying this case is necessarily it, but where an extortion, for example, there's an evangelical church set up in the country, and a gang goes to the head of the church and demands money, and the pastor won't pay, and they say, well, every day that you don't pay, we will get one of your parishioners, we'll kill him. Is that not on account of religion, as you would see it? No, because in that case, the gang is not motivated by the pastor, by the church leader's religion. They're motivated because they think that the gentleman can pay, and they know how to make him pay. They know his pressure points, they know what to do to get him to pay, but that doesn't mean that's the motivation. The motivation of the gang is the money. The wealth, the power, that's their motivation, and then they just know how to make him pay. It's a means to an end question. We talk about it in terms of why someone is chosen versus how they're chosen. Why is the nexus question, the motivation, why are they chosen? In this case, because they can pay. Isn't it a dual reason? Aren't they being targeted? In other words, the people who are under a threat to be killed, they're receiving that threat, not just because the pastor doesn't pay, but also because they're a member of that religion. So the parishioners would have a different claim than the priest, in that instance, or the pastor, I think Protestants call them. The church leader, they might have different claims. The nexus inquiry might be different. So would the parishioner then have a claim of being accosted or persecuted on account of the parishioner's religion? Theoretically, yes, it would be possible, but that's certainly not what's happening here. And in particular, a petitioner has waived her claim that the agency erred in declining to apply precisely that kind of mixed motive. Put to one side, waive it for a minute. Now I'm having trouble. If in my example, notwithstanding the underlying drive of the persecutors to get money through extortion, you nevertheless could have a parishioner have an on-account-of-religion nexus, then why here, notwithstanding the persecutors' motivation to get money by extortion, the child, who's a member of the family, could not have family as a nexus? Because in the church case, I'm assuming that in order to be able to show that religion was one central reason for the harm, the parishioner would have to be able to show that the gang member wanted to eliminate the church, eliminate the religion. And here there's no evidence that the gang wants to eliminate the family or has any animus against the family or is motivated by the kinship ties as such. This court has clearly ruled that where a family group suffers this exact kind of harm, there is no nexus because the gang is not motivated by the kinship in the extortion. They just know what threats are most effective. Can you explain why you think the issue whether the board was wrong on that mixed motive issue that we're talking about, why you think that's been waived? Because petitioner didn't properly raise it in her opening brief. The board acknowledged the existence of mixed motives analysis as a theoretical possibility but declined to apply it because petitioner did not sufficiently raise a protected ground as part of her claim. And before this court, she's not sufficiently kept that issue alive, she's not sufficiently briefed it. How do you propose we deal with the situation in which an applicant never specifies a social group, never says here's the social group I'm claiming, but they tell a story of what's happened to them. And to any reasonable listener, it is obvious that they're being persecuted because of a particular reason which they haven't pointed with delineation. How do we deal with that? Particularly where petitioner's been counseled the entire time, she bears the burden of proof and so she can't meet that burden with silence. She has to answer the question of why. It's not silence, she's told a story that would communicate to any listener why. Isn't that in effect by telling that story isn't that in effect a delineation? It's just not expressed. There may be cases where that were sufficiently delineated through other means but that would not be this case. And why is that? Because the story that petitioner told in this case, the story of a gang extorting a family member for rent by threatening other members of the family is sadly incredibly commonplace and this court's case law, published case law, is clear that that does not support an asylum claim. And so when the IJ was presented with this claim, she properly applied this court's case law and found that there was no nexus to a protected ground. If petitioner had told an entirely different story, one that this court's case law supported, then we might be looking at something different. But where the case law on these kinds of claims is so clear, the IJ knew everything that she needed to to be able to adequately consider the claim. Counsel, I just have one more question for you. Again, just returning to this waiver issue, I'm looking at the petitioner's brief and over a few pages the petitioner argues about the nexus question, says that an applicant need not prove that a protected ground was the most important reason why the persecution occurred, talks about one central reason test, says the persecutor can have mixed motives to persecute, and says that her PSG was the relationship, the family relationship. So that's three pages of briefing. How do you interpret that as waiver? As I recall, I haven't read it since last night, but as I recall, a lot of that was boilerplate or just statements of the law as opposed to application to her specific facts and no allegation of error to the board of the IJ, that the board of the IJ should have done a mixed motives analysis with this case. But even if she hasn't waived the argument, then mixed motives analysis is only appropriate where one of the grounds is a protected ground. And here we don't have a sufficient link to a protected ground in the first place to raise the specter of a mixed motives analysis. Mixed motives analysis implies that there's both, say, a criminal motivation and a protected motivation. But here the petitioner has not sufficiently raised a protected ground to require the agency to engage in mixed motives analysis. So if the court were to disagree, we would ask for a remand so that the agency can do that in the first instance under Ventura. Thank you. Thank you, counsel, at this time. If counsel for the petitioner would please reintroduce herself on the record, she has a two-minute rebuttal. Thank you, Denise Acevedo Perez for the petitioner. Just a couple clarification points. Respondent asserts, counsel asserts that petitioner waived closing statement at the merits hearing on her application, which is completely not accurate. In briefing, my brief clearly states in reviewing the record, you see the immigration judge conclude the testimony of petitioner, take a small break, come back and issue her oral decision. There was no direct request for closing statements. There was not an invite for a closing statement. That's how the proceeding was concluded. So this issue of waiving the closing statement is not accurate at all. Secondly, respondent states that petitioner makes no reference to her age and that's not accurate at all. The record clearly shows in her declaration, during her testimony, she began fearing gang members at the age of 12 years old. She began to receive threats from the gang members at 14 years old after school. She detailed on the record in her declaration on testimony, on direct, her age and how she felt when gang members would approach her, when they would threaten her, when they would follow them from school, when they would threaten her brother. It is clear, it is established, her age is established on the record. And with regard to my mixed motive analysis, I think it's my position that I've sufficiently briefed the argument that I've identified that at least one part can be, if looking at the record as a whole, can be one central reason for a protected ground. In this case it would be the gender, family relationship and or imputed political opinion. Thank you. Thank you counsel, that concludes argument in this case.